IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

10PEARLS, LLC, *et al.*,

     Plaintiffs,

v.

BOARDROOM ONE CORP., *et al.*,

     Defendants.

Civil Action No. 1:24-cv-948

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Boardroom One Corporation's motion to dismiss.

On February 1, 2021, Plaintiff 10Pearls entered into a Professional Services Agreement ("PSA") to develop and build a digital product for Boardroom, and the parties supplemented the PSA with a series of statements of work ("SOWs"). 10Pearls alleges it completed the contracted-for services, and, in accordance with the agreements, invoiced Boardroom $2,322,110 for services performed between February 1, 2021, and June 30, 2022. Of those invoices, Boardroom allegedly has an unpaid balance of $506,451 with additional interest due. 10Pearls claims it intended to cease performing in May 2022 when Boardroom carried a lower unpaid balance and only continued performing through June 2022 because Boardroom promised to pay its balance.

10Pearls initiated this suit on June 3, 2024, alleging four counts against Boardroom: (I) breach of contract, (II) declaratory judgment, (III) actual fraud, and

(IV) constructive fraud. Boardroom's present motion seeks to dismiss counts III and IV. Under counts III and IV, 10Pearls alleges that but-for Boardroom's false representations, 10Pearls would have ceased work for Boardroom, devoted resources to other projects, and brought this litigation sooner. Owing to these consequences, counts III and IV seek $1,000,000 in damages.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests a complaint's sufficiency. Nadendla v. WakeMed, 24 F.4th 299, 304 (4th Cir. 2022). In considering such a motion, the Court accepts as true all well-pleaded factual allegations and views the complaint in a light most favorable to the plaintiff. Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). The Court, however, need not accept as true the legal conclusions, unwarranted inferences, or arguments asserted in the complaint. Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

"In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained." Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 558 (1998). In Oleyar v. Kerr, the Virginia Supreme Court distinguished between actions originating in contract and tort:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort.

2

217 Va. 88, 90 (1976). Parties can, in certain circumstances, show both a breach of contract and a tortious breach of duty; however, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." Richmond, 256 Va. at 558 (quoting Foreign Mission Bd. v. Wade, 242 Va. 234, 241 (1991)).

In Richmond, Plaintiff RMA contracted with Defendant McDevitt for the construction of a baseball stadium. Id. at 555. The contract contained specific requirements for the structural foundation of the stadium's roof and upper concourse. Id. To receive progress payments during construction, McDevitt certified to RMA that the completed portions of the foundation complied with the contract's specifications. Id. at 555–56. However, after paying McDevitt for its progress, RMA discovered McDevitt both cut corners in constructing the foundation and covered up the deficient work to fake compliance with the contract. Id. at 556. RMA sued McDevitt, alleging McDevitt breached their contract and committed actual and constructive fraud. The Virginia Supreme Court first dismissed RMA's count for constructive fraud, holding "RMA's allegations of constructive fraud are nothing more than allegations of negligent performance of contractual duties and are, therefore, not actionable in tort. A tort action cannot be based solely on a negligent breach of contract." Id. at 559. The court then dismissed RMA's count for actual fraud, holding "that each particular misrepresentation by McDevitt related to a duty or an obligation that was specifically required by the Design–Build Contract." Id. In dismissing both fraud counts, the court "safeguard[ed] against turning every breach of contract into an actionable claim for fraud." Id. at 560.

Richmond bears striking resemblance to the instant case. Here, 10Pearls' fraud counts allege Boardroom's misrepresentations induced 10Pearls to continue performing pursuant to the PSA and SOWs. In Richmond, RMA's fraud counts alleged McDevitt's misrepresentations induced RMA to continue performing pursuant to the construction contract—i.e., making progress payments for McDevitt's ostensible progress. There, the Richmond court held RMA's case was "not one for fraud in the inducement. Nothing in the record suggest[ed] that McDevitt did not intend to fulfill its contractual duties at the time it entered into the Design–Build Contract with RMA." Id. Accordingly, the appropriate remedy in Richmond was "a cause of action for breach of contract." The same is true here; the appropriate vehicle for 10Pearls' recovery is its count for breach of contract. For these reasons, it is hereby

**ORDERED** that Boardroom's partial motion to dismiss is **GRANTED**, and counts III and IV are **DISMISSED**.

Alexandria, Virginia
August 5, 2024

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

4